PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 2003 Dodge Ram extended cab struck a piece of steel on the I-64/I-77 interchange in Charleston, Kanawha County. The I-64/I-77 interchange is a public road maintained by respondent. The Court is of the opinion to deny this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 8:00 a.m. on August 12,2008. Claimant testified that the speed limit in this area is either fifty-five or sixty miles per hour. At the time of the incident, claimant was traveling in the left lane of the I-64/I-77 interchange, and his speed was within the speed limit. As he was driving around a curve, he noticed that the driver of the vehicle in front of him swerved into the right lane to avoid a piece of steel in the road. Claimant stated that there was no space for him to pull over, and due to the traffic, he was unable to switch lanes to avoid this hazard. Thus, his vehicle struck the piece of steel, which was between six to eight feet long and four inches wide. As a result of this incident, claimant’s vehicle sustained damage to its right tires in the amount of $368.79. Claimant’s insurance deductible was $1,000.00 at the time of this incident.
The position of the respondent is that it did not have actual or constructive notice of the condition on the I-64/I-77 interchange. Stephen Wayne Knight, Transportation Crew Supervisor II for respondent on 1-64, testified that he is familiar with the area where this incident occurred. He stated that at approximately 8:08 a.m., he received a telephone call from respondent’s radio dispatcher that a vehicle had struck a piece of steel in the roadway. Mr. Knight immediately responded to this incident and removed the steel from the roadway. Mr. Knight was uncertain where the piece of steel came from. When he traveled to work on 1-64 at approximately 7:20 a.m. that morning, he did not see the piece of steel on the road. He further stated that this is an area known for trucks leaving debris on the road.
The well-established principle of law in West Virginia is that the State is
*103 neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice ofthe defect and a reasonable time to take corrective action. Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, it is uncertain where the piece of steel came from, and respondent responded to this incident in a timely manner. Thus, there is insufficient evidence of negligence upon which to base an award.
Claim disallowed.